IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACK & VEATCH,<br><br>           Plaintiff,<br><br>     vs.<br><br>MODESTO IRRIGATION DISTRICT,<br><br>           Defendant.<br>_____/ | CASE NO. CV F 11-0695 LJO SKO<br><br>**ORDER ON MOTION TO DISMISS AND MOTION TO STRIKE** (Doc. 7) |

By notice filed on May 23, 2011, Defendant Modesto Irrigation District moves to dismiss the first and second claims for relief and moves to strike portions of the complaint pursuant to Fed.R.Civ.Proc. 12(b)(6) and 12(f). (Doc. 7.) This motion challenges plaintiff's first claim for breach of contract and second claim for breach of the covenant of good faith and fair dealing. Plaintiff Black & Veatch Corporation filed an opposition on June 20, 2010. Defendant filed a reply brief on June 30, 2011. Pursuant to Local Rule 230(g), this motion was submitted on the pleadings without oral argument. Therefore, the hearing set for July 7, 2011 is VACATED. Having considered the moving, opposition and reply papers, as well as the Court's file, the Court issues the following order.

**FACTUAL BACKGROUND**

Plaintiff Black & Veatch Corporation ("B&V") alleges breach of contract and breach of the covenant of good faith and fair dealing against defendant Modesto Irrigation District ("MID"). (Doc. 1, Complaint, p. 12, 15.) MID and B&V entered into a written contract for the design and construction of the Phase 2 Expansion and Optimization of the Modesto Regional Water Treatment Plant. (Doc. 1, Complaint, p. 2.) The contract was segregated into three phases which included an Agreement for

Construction Phase Services, dated April 20, 2007 ("Construction Phase Services Agreement"). (Doc. 1, Complaint, p. 4.)  The base scope services were to be completed no later than December 2009. (Doc.1, Complaint, p.5.)  Plaintiff alleges that in December 2009, the parties discussed amending the Construction Phase Services Agreement to adjust for compensation for services beyond the duration and scope of the agreement. (Doc. 1, Complaint, p. 5, 6.)  Plaintiff submitted to defendant Proposed Amendment No. 8 in January 2010, and upon request for a revised proposal, submitted Proposed Amendment No. 8A on February 26, 2010. (Doc. 1, Complaint, p. 6, 7.)  Plaintiff complied with MID's directives to provide increased staffing and to address ongoing construction issues throughout 2010. (Doc. 1, Complaint, p. 8)  On August 18, 2010, plaintiff submitted an invoice for services performed between March 19, 2010 and August 6, 2010. (Doc. 1, Complaint, p. 10.)  On September 17, 2010, MID directed B&V to cease construction phase services and demobilize its forces from the project site.  MID suspended the Construction Phase Services Agreement on October 1, 2010. (Doc. 1, Complaint, p. 11.)

      B&V alleges that MID breached its contractual obligations pursuant to Section 8 of the Construction Phase Services Agreement, which required payment within 30 days of receipt of a properly documented invoice.  B&V alleges defendant did not pay six (6) documented invoices submitted between October 2009 and October 2010. (Doc. 1, Complaint, p. 14)  B&V alleges defendant also breached Section 18 of the Construction Phase Services Agreement.  Section 18 of the Agreement provides in pertinent part: "If any change in the services causes a decrease or increase in the time required to perform the service, a mutually agreed upon adjustment shall be made in the schedule of the services.  If any change in the services causes a decrease or increase in the cost of providing the services, equitable adjustments shall be made in the limit of compensation to be paid by [MID] to [B&V]…" (Doc. 1, Complaint, p. 12.)  B&V alleges defendant breached the covenant of good faith and fair dealing by not addressing B&V's request for additional compensation and not providing an equitable adjustment. (Doc.1, Complaint, p. 16.)

/////
/////
/////
/////

## ANALYSIS AND DISCUSSION

**A.     Standard for Motion to Dismiss**

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint in question, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008); *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). A claim has facial plausibility,"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937 (2009). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.2d 962, 969 (9th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969. If a plaintiff fails to state a claim, a court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911

F.2d 242, 247 (9th Cir. 1990).

**B.    F.R.Civ.P. 12(f) Motion Standards**

Pursuant to Fed. R. Civ. P. 12(f), the Court may order stricken from the pleadings "any redundant, immaterial, impertinent or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

**C.    Argument that the Complaint Fails to Attach a Copy of the Contract**

MID argues that B&V failed to adequately plead breach of contract under California pleading requirements. MID contends that B&V's Complaint is defective purportedly because B&V did not attach the relevant contract. (Doc. 7, Motion p. 3-4.)

This case must be plead pursuant to the Rules of Federal Procedure. Fed.R.Civ.P. 8(a)(2) requires a complaint to contain "a short plain statement of the claim showing that the pleader is entitled to relief." To comply with F.R.Civ.P. 8(a)(2), a plaintiff "must plead a short and plain statement of the elements of his or her claim, identifying the transactions or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). Although F.R.Civ.P. 8 "encourages brevity, the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 318, 127 S.Ct. 2499, 2507 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 346, 125 S.Ct. 1627 (2005)).

MID has not cited to any Federal authority which requires B&V to attach a copy of the contract sued upon, and to risk dismissal for failing to do so. MID relies upon California procedural law. Federal courts exercising diversity jurisdiction must apply the substantive law of the state in which they are located except on matters governed by the U.S. Constitution or federal statutes. Procedural issues, however, are governed by federal law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822 (1938). Where the issue involved is directly covered by the Federal Rules of Civil Procedure, federal law generally controls under the Supremacy Clause (Art. VI, cl. 2). *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, – U.S. –, 130 S.Ct. 1431, 1442 (2010).

4

1    As acknowledged by MID "B&V's Complaint does contain a lengthy recitation of the facts" and includes "references to the contractual provisions." (Doc. 7, Motion p. 4.) The Federal Rules of Civil Procedure do not require the plaintiff to attach a copy of the complaint sued upon in the action. *See Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (The document may instead be described in the pleading, or relevant portions may be recited verbatim in the pleading). MID does not argue that "fair notice" is lacking by the failure to attach the contract. MID does not argue which elements B&V has failed to allege. Accordingly, this ground for dismissing the complaint is denied.

**D.    Alleged Failure to Negotiate in Good Faith**

MID argues that B&V's first cause of action for breach of contract, on its face, appears to plead multiple breaches of the purported contract, including an alleged failure on MID's part to negotiate increased payments to B&V in "good faith." MID claims that "B&V's Complaint does not allege a contractual provision in an existing contract, which imposes a duty on MID to negotiate amendments to that contract in good faith." (Doc. 7, Motion, p. 5:7-9.) MID also asserts that "under California law, no duty to negotiate in good faith a new agreement or a modification to an existing one, can be imposed by way of the covenant of good faith and fair dealing." (Doc. 7, Motion, p. 5:9-11.)

MID relies on *Racine & Laramie, Ltd. v. California Dept. of Parks & Recreation*, which supports their initial contention that a contractual provision is necessary for a duty to negotiate in good faith under the covenant of good faith and fair dealing. *Racine & Laramie, Ltd. v. California Dept. of Parks & Recreation*, 11 Cal.App.4th 1026, 1031 (1992). In *Racine*, a concessionaire operating in a park under a contract with the Department of Parks began negotiations with the department to modify the contract. Negotiations ultimately broke down, and the concessionaire then brought suit against the department, alleging a breach of the implied covenant of good faith and fair dealing for failure to negotiate in good faith. The court held that the implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation: "In essence, the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." *Racine*, 11 Cal.App.4th at 1032. There is no obligation to deal fairly or in good faith absent

5

an existing contract provision. *Racine*, 11 Cal.App.4th at 1032. In *Racine*, the court found no express contract provision within which the duty to negotiate in good faith may exist:

> "There existed no express contractual obligation here to negotiate a modification of the concession contract. The provision closest to a possible obligation is that contained in paragraph 25 of the contract, which falls far short of the imposition of any obligation on either party to even participate in activity leading to a modification of the concession."

*Racine,* 11 Cal.App.4th at 1032. Paragraph 25 of the contract in *Racine* stated:

> "Notwithstanding any of the provisions of this contract, the parties may hereafter, by mutual consent, agree to modifications thereof or additions thereto in writing which are not forbidden by law. The State shall have the right to grant reasonable extensions of time to Concessionaire for any purpose or for the performance of any obligation of Concessionaire hereunder."

*Id.* at 1031-32. The Court stated that this contract paragraph imposed no obligation on the department to negotiate. "[W]e conclude that the Department had no obligation to negotiate new terms of the concession contract, that its commencement and continuance of negotiations over a long period of time had no effect upon this lack of obligation." *Id.* at 1032. In short, the implied covenant cannot be used to extend or create obligations not contemplated in the contract. *Racine*, 11 Cal.App.4th at 1032.

Here, MID contends that no contractual provision in the contract requires it to negotiate in good faith. (Doc.7, Motion p.5.) However, the complaint refers to contractual language, stronger than in *Racine,* which may impose such a duty. The complaint alleges the following:

> "The Construction Phase Services Agreement authorizes MID to order changes in B&V's scope of services for the construction phase services part of the work. Section 18 of the Agreement provides in pertinent part: 'If any change in the services causes a decrease or increase in the time required to perform the service, *a mutually agreed upon adjustment shall be made* in the schedule of the services. If any change in the services causes a decrease or increase in the cost of providing the services, equitable adjustments *shall be made* in the limit of compensation to be paid by [MID] to [B&V]…'"

(Doc. 1, Complaint, p. 12:12-18 (emphasis added).)

B&V alleges the contract contained a provision specifically requiring good faith negotiation. Section 18 of the contract contains stronger, affirmative language than the contract in *Racine*. Section 18 of the contract can be construed as agreement to negotiate for an amendment to the contract because the equitable adjustment "shall" be made when a change of services increases the cost. In addition, the

6

complaint alleges facts from which it can be inferred that the parties "mutually agreed" to an adjustment. (See Complaint p. 6-7.) At this stage of the proceedings, the Court cannot rule as a matter of law that the contract provision requires dismissal of the claim for failure to negotiate in good faith.

In its Reply brief, MID cites to *Kanady v. GMAC Mortg.*, 2010 WL 4010289 (E.D. Cal. 2010) (O'Neill, J.) for the proposition that allegations of violations of the implied covenant during the negotiations fail to state a claim. However, both *Kanady v. GMAC Mortg.*, and the case upon which it relies, *McClain v. Octagon Plaza*, are factually distinguishable. In *Kanady,* this court dismissed the covenant of good faith claim because "the complaint fails to allege or identify a contract or contract provision to invoke an implied covenant." In *McClain v. Octagon Plaza*, 159 Cal.App.4th 784 (2008), plaintiff alleged that in initially negotiating a commercial lease, the landlord falsely represented a condition of the property. Plaintiff alleged breach of the covenant during the negotiations of the lease, a claim similar to fraud in the inducement. The court held that the implied covenant "does not require parties to negotiate in good faith prior to any agreement." *Id.* at 799.

Neither case involved an existing contractual provision which potentially required the parties to negotiate in good faith. Accordingly, these cases are distinguishable.

**E.    Duplicative Causes of Action**

MID's motion to dismiss states that the breach of the covenant cause of action should be dismissed: "The Second Count for breach of the covenant of good faith and fair dealing should be dismissed as duplicative of the First Count."[1] (Doc.7, Motion, p. 6:19-20.) MID argues that both the breach of contract cause of action and the breach of the covenant cause of action allege failure of MID to grant an equitable adjustment to B&V compensation. (See Doc. 1, Complaint p. 14:3-5; 16:3-8.) MID argues that where claims for breach of contract and breach of the covenant of good faith and fair dealing are duplicative, they are subject to dismissal, citing *Guz v. Bectal Nat'l., Inc.*, 24 Cal.4th 317, 352 (2000).

B&V argues that California substantive law recognizes distinct causes of action for breach of

---

[1] MID moves to dismiss on the basis that the two claims are duplicative. Duplicative claims may support a Rule 12(f) motion. Fed. R. Civ. P. 12(f) empowers a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." A "redundant" matter consists of allegations that constitute a needless repetition of other averments or which are foreign to the issue to be decided. *Wilkerson v. Butler,* 229 F.R.D. 166, 170 (E.D.Cal. 2005).

7

contract and breach of the implied covenant of good faith and fair dealing. (Doc. 10, Opposition, p. 7:4-6.) B&V argues that the two causes of action are not duplicative of one another because they have distinct allegations and separate bases for recovery.

Under California law, a breach of the covenant may be pleaded and adjudicated as a distinct cause of action. *State Farm Mutual Automobile Ins. Co. v. Superior Court*, 114 Cal. App. 4th 434, 453 (2003). In *Guz*, the court held that "A breach of the contract may also constitute a breach of the implied covenant of good faith and fair dealing. But . . . a claim that merely realleges that breach as a violation of the covenant is superfluous." *Guz*, 24 Cal.4th at 352.

As alleged in the complaint, each cause of action challenges different conduct. Each element for breach of contract is alleged, challenging the failure to negotiate and failure to pay invoices. B&V alleges that it performed its obligations, that MID failed to negotiate an equitable adjustment of the compensation in good faith, failed to pay for invoices and as a result B&V is damaged. (Doc. 1, Complaint ¶¶35-46.) MID does not argue that the breach of contract cause of action is alleged inadequately. Each element for breach of the covenant of good faith and fair dealing is alleged, challenging the order to cease work and the suspension of the contract. B&V alleges that it performed its obligations under the contract, that MID directed B&V to cease all work on the project, demobilize its forces, suspended the contract and directed B&V to cease further work on the project. (Doc. 1, Complaint ¶¶47-53.) Thus, the complaint alleges two different causes of action which challenge different, but related, conduct.

MID argues, and B&V acknowledges, that B&V will not be able to recover the same damages for both causes of action. Nonetheless, the similarity of damages does not establish that the causes of action are duplicative.[2] A complaint may contain two or more statements of a claim for relief "alternatively or hypothetically, either in a single count ... or in separate ones." Fed.R.Civ.P. 8(d)(2).

/////

/////

---

[2] In its Reply brief, MID argues that there is no "tort recovery" for breach of the covenant of good faith and air dealing. (Doc. 11, Reply p.2.) The Court acknowledges that plaintiff will be limited to contract damages available under California law. See *Aas v. Superior Court*, 24 Cal.4th 627 (2000).

**F.      Motion to Strike**

The notice of motion includes notice of a "motion to strike." In its moving papers, MID did not include any discussion of the portions of the complaint MID sought to strike. To the extent the motion to strike sought to strike the breach of the covenant claim as duplicative, it is denied for the reasons stated above.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss and to strike. Defendant is ordered to respond to the complaint within 20 days of the service of this order.

IT IS SO ORDERED.

**Dated:   July 5, 2011**                    /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE