1  Stephen E. Carroll, # 116333                    (SPACE BELOW FOR FILING STAMP ONLY)
   McCormick, Barstow, Sheppard,
2  Wayte & Carruth LLP
   P.O. Box 28912
3  5 River Park Place East
   Fresno, CA  93720-1501
4  Telephone:    (559) 433-1300
   Facsimile:    (559) 433-2300
5
   Attorneys for Defendant
6  MODESTO IRRIGATION DISTRICT

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         FRESNO DIVISION

11

12  BLACK & VEATCH CORPORATION,          Case No.  1:11-cv-00695 LJO SKO

13              Plaintiff,               **ANSWER TO COMPLAINT**

14  v.                                   **Jury Trial Demanded**

15  MODESTO IRRIGATION DISTRICT,

16              Defendant.

17

18       Defendant  MODESTO  IRRIGATION  DISTRICT,  (hereafter  "the  Answering

19  Defendant"), itself, admits, denies and alleges as follows:

20       1.      In response to Paragraph 1 of the Complaint, the Answering Defendant admits that

21  Plaintiff Black & Veatch Corporation ("B&V") is a citizen of the State of California, and denies

22  each and every remaining allegation of said paragraph based upon its lack of sufficient

23  information and belief to answer the allegations contained therein.

24       2.      In response to Paragraph 2 of the Complaint, the Answering Defendant admits that

25  the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000

26  and denies each and every remaining allegation of said paragraph based upon its lack of sufficient

27  information and belief as to such allegations.

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

ANSWER TO COMPLAINT

3.      In response to Paragraph 3 of the Complaint, the Answering Defendant admits the allegations contained therein.

4.      In response to Paragraph 4 of the Complaint, the Answering Defendant admits the allegations contained therein.

5.      In response to Paragraph 5 of the Complaint, the Answering Defendant admits the allegations contained therein and further alleges that this dispute also arises in part out of the construction management, design and engineering services provided by B&V during the course of its performance on the Project.

6.      In response to Paragraph 6 of the Complaint, the Answering Defendant admits the allegations contained therein.

7.      In response to Paragraph 7 of the Complaint, the Answering Defendant admits that the improvements alleged were in part concluded within the scope of the work to be performed in connection with the Project.   The Answering Defendant denies the remaining allegations.

8.      In response to Paragraph 8 of the Complaint, the Answering Defendant admits that engineering services on the Project remain incomplete as of the date of the filing of this action.

9.      In response to Paragraph 9 of the Complaint, the Answering Defendant admits the allegations contained therein.

10.      In response to Paragraph 10 of the Complaint, the Answering Defendant admits the allegations contained therein.

11.      In response to Paragraph 11 of the Complaint, the Answering Defendant admits that B&V's proposal included three separate scopes of work, as part of the package submitted by B&V and that the contents of the documents submitted as part of the Project Proposal by B&V speak for themselves.

12.      In response to Paragraph 12 of the Complaint, the Answering Defendant admits the allegations contained therein.

13.      In response to Paragraph 13 of the Complaint, the Answering Defendant denies that MID and B&V entered into a written contract for the entire scope of awarded services that

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP

5 River Park Place East
Fresno, CA 93720-1501

2

ANSWER TO COMPLAINT

was segregated in three phases.  The Answering Defendant admits the remaining allegations contained therein.

14.     In response to Paragraph 14 of the Complaint, the Answering Defendant denies the allegations of Paragraph 14 to the extent that the amount of the contract alleged therein included owner-controlled contingency funds and that the scope of work was not limited to the three general categories identified in the allegations of Paragraph 14.  Further, the phrase "part of the scope of services" is vague and ambiguous such that the Answering Defendant can neither admit or deny this portion of the allegation and therefore, denies this portion of the allegation.

15.     In response to Paragraph 15 of the Complaint, the Answering Defendant admits that B&V performed construction phase services beyond the originally contemplated period of performance.  The Answering Defendant denies each and every remaining allegation contained therein and that B&V is due any amount for payment.

16.     In response to Paragraph 16 of the Complaint, the Answering Defendant alleges that the Construction Phase Services Agreement speaks for itself and denies the remaining allegations contained in Paragraph 16.

17.     In response to Paragraph 17 of the Complaint, the Answering Defendant admits that B&V performed construction phase services beyond the originally contemplated period of performance.  The Answering Defendant denies each and every remaining allegation contained therein and that B&V is due any amount for payment.

18.     In response to Paragraph 18 of the Complaint, the Answering Defendant alleges that B&V did make changes in its personnel staffing the Project over the course of the Project, including the period after the Answering Defendant expressed concerns with B&V's lack of adequate day-to-day oversite of the Project, and denies each and every remaining allegation of Paragraph 18.

19.     In response to Paragraph 19 of the Complaint, the Answering Defendant alleges that at the time referred to in said paragraph the anticipated completion for the Project was still in the fall of 2009, and within B&V's originally budgeted timeframe.  The Answering Defendant denies each and every remaining allegation contained therein.

20.     In response to Paragraph 20 of the Complaint, the Answering Defendant alleges that the documents, excerpts of which are quoted, speak for themselves, and denies each and every remaining allegation contained therein.

21.     In response to Paragraph 21 of the Complaint, the Answering Defendant alleges that the documents, excerpts of which are quoted, speak for themselves, and admits that B&V belatedly delivered the Proposed Amendment No. 8A and denies each and every remaining allegation contained therein.

22.     In response to Paragraph 22 of the Complaint, the Answering Defendant alleges that the documents, excerpts of which are quoted, speak for themselves.   The Answering Defendant admits that it has dealt with B&V fairly and in good faith and B&V has not been paid for any alleged services provided beyond those agreed to in Amendment No. 7.  The Answering Defendant denies each and every remaining allegation contained therein and that B&V is due any amount.

23.     In response to Paragraph 23 of the Complaint, the Answering Defendant alleges that the documents, excerpts of which are quoted, speak for themselves, and denies each and every remaining allegation contained therein.

24.     In response to Paragraph 24 of the Complaint, the Answering Defendant denies each and every allegation contained therein.

25.     In response to Paragraph 25 of the Complaint, the Answering Defendant denies each and every allegation contained therein.

26.     In response to Paragraph 26 of the Complaint, the Answering Defendant alleges that the documents, excerpts of which are quoted, speak for themselves.   The Answering Defendant admits that B&V has not been paid for any alleged services provided beyond those agreed to in Amendment No. 7.  The Answering Defendant denies each and every remaining allegation contained therein and that B&V is due any amount.

27.     In response to Paragraph 27 of the Complaint, the Answering Defendant admits that in May of 2010, it issued a "Notice of Intent to Terminate" to Western Summit Constructors, Inc., ("WSCI"), and that it did address in correspondence the need for a "high level meeting"

between B&V and the Answering Defendant and that there were issues regarding compensation which needed to be addressed, and denies each and every remaining allegation contained therein.

28.     In response to Paragraph 28 of the Complaint, the Answering Defendant admits that B&V continued to provided services on the Project in May and June of 2010 and further alleges that as a result of the departure of B&V personnel from the Project and the inadequacies of their own management team, new additional B&V staff was added to the Project, and denies each and every remaining allegation contained therein.

29.     In response to Paragraph 29 of the Complaint, the Answering Defendant alleges that the documents speak for themselves.  The Answering Defendant denies each and every remaining allegation therein.

30.     In response to Paragraph 30 of the Complaint, the Answering Defendant alleges that the documents, excerpts of which are quoted, speak for themselves.  The Answering Defendant admits that B&V has not been paid for any alleged services provided beyond those agreed to in Amendment No. 7.  The Answering Defendant admits that invoices were belatedly provided by B&V to the Answering Defendant on or about August 18, 2010, for the period between March 19, 2010 and August 6, 2010, and denies each and every remaining allegation contained therein and that B&V is due any amount.

31.     In response to Paragraph 31 of the Complaint, the Answering Defendant alleges that the documents excerpted in Paragraph 31 speaks for itself, and that letter was provided to B&V on or about September 17, 2010, and that the Answering Defendant engaged a security guard to control the removal of Project related materials from the site.

32.     In response to Paragraph 32 of the Complaint, the Answering Defendant admits that B&V demobilized from the Project on September 24, 2010, completed its transition activities on or about September 30, 2010, notified B&V on or about October 21, 2010 that it had suspended the Agreement for Construction Phase Services, and the Answering Defendant did not make further payment to B&V subsequent to October 1, 2010, and denies each and every remaining allegation contained in Paragraph 32.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

5

ANSWER TO COMPLAINT

33.     In response to Paragraph 33 of the Complaint, the Answering Defendant admits the allegations contained therein.

34.     In response to Paragraph 34 of the Complaint, the Answering Defendant admits the allegations contained therein.

### FIRST CLAIM

### (Breach of Written Contract as Against MID)

35.     In response to Paragraph 35 of the Complaint, the Answering Defendant incorporates by this reference as though fully set forth, its responses to Paragraphs 1 through 34 of the Complaint as set forth hereinabove

36.     In response to Paragraph 36 of the Complaint, the Answering Defendant denies each and every allegation contained therein.

37.     In response to Paragraph 37 of the Complaint, the Answering Defendant denies each and every allegation therein.

38.     In response to Paragraph 38 of the Complaint, the Answering Defendant alleges that the document excerpted in Paragraph 38 speaks for itself and denies each and every remaining allegation contained therein.

39.     In response to Paragraph 39 of the Complaint, the Answering Defendant admits that it has not paid for alleged services provided by B&V to the extent such alleged services were rendered that were not subject to the original Construction Phase Services Agreement and Amendments 1 through 7 thereto, and denies each and every remaining allegation contained therein and that B&V is due any amount.

40.     In response to Paragraph 40 of the Complaint, the Answering Defendant admits that the Construction Phase Services Agreement contemplated the possibility of changes in the extent and type of services to be provided by B&V on the Project and denies each and every remaining allegation contained therein and that B&V is due any amount.

41.     In response to Paragraph 41 of the Complaint, the Answering Defendant admits that it has not paid for alleged services provided by B&V to the extent alleged such services were rendered that were not subject to the original Construction Phase Services Agreement and

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

1  Amendments 1 through 7 thereto, and denies each and every remaining allegation contained

2  therein and that B&V is due any amount.

3         42.    In response to Paragraph 42 of the Complaint, the Answering Defendant alleges

4  that the June 15, 2010, letter speaks for itself and denies each and every remaining allegation

5  contained therein.

6         43.    In response to Paragraph 43 of the Complaint, the Answering Defendant denies

7  each and every allegation therein.

8         44.    In response to Paragraph 44 of the Complaint, the Answering Defendant alleges

9  that Section 8 of the Construction Phase Services Agreement speaks for itself, admits that

10  invoices have been submitted to the Answering Defendant by B&V for compensation regarding

11  alleged services purportedly provided in 2009 and 2010 and denies each and every remaining

12  allegation contained therein and that B&V is due any amount.

13        45.    In response to Paragraph 45 of the Complaint, the Answering Defendant alleges

14  that Section 8 of the Construction Phase Services Agreement speaks for itself, admits that

15  invoices have been submitted to the Answering Defendant by B&V for compensation regarding

16  alleged services purportedly provided in 2009 and 2010 and denies each and every remaining

17  allegation contained therein and that B&V is due any amount.

18        46.    In response to Paragraph 46 of the Complaint, the Answering Defendant denies

19  each and every allegation therein.

20                              **SECOND CLAIM**

21            **(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

22        47.    In response to Paragraph 47 of the Complaint, the Answering Defendant

23  incorporates by this reference as though fully set forth, its responses to Paragraphs 1 through 46

24  of the Complaint as set forth herein above.

25        48.    In response to Paragraph 48 of the Complaint, the Answering Defendant denies

26  each and every allegation therein.

27        49.    In response to Paragraph 49 of the Complaint, the Answering Defendant denies

28  each and every allegation therein.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

7

ANSWER TO COMPLAINT

50. In response to Paragraph 50 of the Complaint, the Answering Defendant alleges that the document excerpted in Paragraph 50 speaks for itself, and that letters were provided to B&V on or about September 17, 2010, and October 1, 2010.

51. In response to Paragraph 51 of the Complaint, the Answering Defendant admits that B&V was asked to cease work on the Project, to demobilize from the Project and that B&V's performance under the Construction Phase Services Agreement was suspended and denies each and every remaining allegation contained therein.

52. In response to Paragraph 52 of the Complaint, the Answering Defendant admits that B&V was asked to cease work on the Project, to demobilize from the Project and that B&V's performance under the Construction Phase Services Agreement was suspended and denies each and every remaining allegation contained therein.

53. In response to Paragraph 53 of the Complaint, the Answering Defendant denies each and every allegation therein.

## THIRD CLAIM

### (Declaratory Relief as against MID)

54. In response to Paragraph 54 of the Complaint, the Answering Defendant incorporates by this reference as though fully set forth, its responses to Paragraphs 1 through 53 of the Complaint as set forth hereinabove.

55. In response to Paragraph 55 of the Complaint, the Answering Defendant admits that to the extent that B&V's claim for declaratory relief is based on the allegations contained therein, a controversy has arisen and exists between the parties and the Answering Defendant disagrees with those allegations and denies each and every remaining allegation contained therein.

56. In response to Paragraph 56 of the Complaint, the Answering Defendant admits that B&V is making the contentions alleged therein and denies each and every remaining allegation contained therein.

57. In response to Paragraph 57 of the Complaint, the Answering Defendant admits the allegations contained therein.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

8

ANSWER TO COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FIRST AFFIRMATIVE DEFENSE

#### (Failure To State A Cause Of Action)

58.     As a first separate and affirmative defense to the Complaint, the Answering Defendant alleges that the Complaint fails to allege facts sufficient to constitute a cause of action against the Answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure To Mitigate Damages)

59.     As a second separate and affirmative defense to the Complaint, the Answering Defendant is informed and believes, and thereupon alleges, that Plaintiff has failed to reasonably act to mitigate its damages, if any, and to such an extent is barred from any recovery herein.

### THIRD AFFIRMATIVE DEFENSE

#### (Statute Of Limitations)

60.     As a third separate and affirmative defense to the Complaint, the Answering Defendant alleges that the action is barred by the provisions of Code of Civil Procedure Sections 337, 338(d), 339 and/or 343.

### FOURTH AFFIRMATIVE DEFENSE

#### (Statute Of Frauds)

61.     As a fourth separate and affirmative defense to the Complaint, the Answering Defendant is informed and believes, and thereupon alleges, that to the extent that Plaintiff's claims are based upon alleged rights or duties arising out of any purported oral promises, commitments or agreements, the provisions of California Code of Civil Procedure Section 1624 and Commercial Code Sections 1206 and 2201 bar any recovery based thereon.

### FIFTH AFFIRMATIVE DEFENSE

#### (Discharge Of Contractual Obligations-Performance)

62.     As a fifth separate and affirmative defense to the Complaint, the Answering Defendant alleges that by satisfying all of the terms, conditions, covenants and requirements of the Agreement between Plaintiff, on the one hand, and the Answering Defendant, on the other hand, the Answering Defendant has fully performed its obligations under the terms of said

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

9

ANSWER TO COMPLAINT

Agreement.  By virtue of said performance, the Answering Defendant has discharged any and all express or implied obligations purportedly owed to Plaintiff by virtue of or pursuant to said Agreement.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

63.     As a sixth separate and affirmative defense to the Complaint, the Answering Defendant alleges that by reason of the knowledge, statements and conduct of Plaintiff, Plaintiff lacks clean hands with respect to the transactions alleged in Plaintiff's Complaint and is therefore not entitled to any relief based upon the Complaint or any of the claims stated therein.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

64.     As a seventh separate and affirmative defense to the Complaint, the Answering Defendant alleges that Plaintiff has voluntarily relinquished its known rights, and that consequently Plaintiff is barred from any recovery herein under the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Cause)

65.     As an eighth separate and affirmative defense to the Complaint, the Answering Defendant alleges that Plaintiff's injuries and damages, if any, were caused by the conduct of persons other than the Answering Defendant, over whom the Answering Defendant had and has no right of control.  The conduct of such third persons was an intervening and/or superseding cause of Plaintiff's injuries and damages, if any exist.

## NINTH AFFIRMATIVE DEFENSE

### (Privilege)

66.     As a ninth separate and affirmative defense to the Complaint, the Answering Defendant alleges that any and all acts by the Answering Defendant were just, fair, privileged, non-retaliatory, for good cause and in good faith.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

10

ANSWER TO COMPLAINT

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith)

67.    As a tenth separate and affirmative defense to the Complaint, the Answering Defendant alleges that its actions in connection with the contract at issue in this action were at all times undertaken in good faith and that consequently Plaintiff is barred from any recovery based thereon.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Misconduct)

68.    As an eleventh separate and affirmative defense to the Complaint, the Answering Defendant alleges that at all times mentioned in Plaintiff's Complaint, Plaintiff did commit willful misconduct and/or negligent conduct in and about the matters alleged, which willful misconduct and/or negligence concurred in point of time with the alleged willful misconduct of the Answering Defendant, if any there may have been, and proximately caused and contributed to whatever injury and/or damages Plaintiff may have sustained, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Comparative Fault/Third Party)

69.    As a twelfth separate and affirmative defense to the Complaint, the Answering Defendant alleges that the damages complained of by Plaintiff, if any, were proximately caused by Plaintiff's own negligence, that of its agents and/or third parties other than the Answering Defendant, which said negligence has proximately caused the alleged loss or harm to Plaintiff, if any, and such negligence of Plaintiff, its agents and/or third parties, should be compared with the alleged negligence of the Answering Defendant, and fault, if any there be, apportioned accordingly.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Fault of Others)

70.    As a thirteenth separate and affirmative defense to the Complaint, the Answering Defendant alleges that if the Plaintiff sustained any injury, damage or loss, which the Answering Defendant continues to deny, said injury, damage or loss has been brought about and caused

11

wholly and solely by reason of the acts, breaches, negligence and conduct of Plaintiff, and/or others, and without any breach, negligence or other unlawful or wrongful conduct whatsoever on the part of the Answering Defendant, and as a result and consequence thereof, Plaintiff is barred from relief or recovery herein against the Answering Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Comparative Bad Faith)

71.     As a fourteenth separate and affirmative defense to the Complaint, the Answering Defendant alleges that by reason of its acts and conduct, Plaintiff has breached the covenant of good faith and fair dealing, which bars its claims herein.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Non-Compliance With Contract Amendment Requirements)

72.     As a fifteenth separate and affirmative defense to the Complaint, the Answering Defendant alleges that Plaintiff performed work and provided services for which it is seeking compensation which were not authorized by a written change order as required by the parties' contract.  To that extent, Plaintiff's claims for additional compensation are barred.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Willful Misconduct)

73.     As a sixteenth separate and affirmative defense to the Complaint, the Answering Defendant alleges that Plaintiff was guilty of willful misconduct and proximately contributed to the occurrence of the events complained of in Plaintiff's Complaint and the damage alleged to have been suffered therein, and Plaintiff is therefore precluded from comparing such conduct with the alleged fault on the part of the Answering Defendant, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Consent)

74.     As a seventeenth separate and affirmative defense to the Complaint, the Answering Defendant alleges that at all times described in the Complaint, Plaintiff consented to any and all conduct alleged therein.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

12

ANSWER TO COMPLAINT

1

2

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Contribution)

3    75.    As an eighteenth separate and affirmative defense to the Complaint, the Answering

4    Defendant alleges that should the Answering Defendant be found liable to Plaintiff, which

5    liability is expressly denied, the Answering Defendant is entitled to have any award against them

6    abated, reduced or eliminated to the extent that the negligence, carelessness, fault or defects

7    caused by the remaining parties in this action or by other persons, corporations or business

8    entities, contributed to Plaintiff's damages, if any.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Mitigation)

11    76.    As a nineteenth separate and affirmative defense to the Complaint, the Answering

12    Defendant alleges that Plaintiff's alleged damages or injuries, if any there were, were aggravated

13    by Plaintiff's failure to use reasonable diligence to mitigate them.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Set Off and Recoupment)

16    77.    As a twentieth separate and affirmative defense to the Complaint, the Answering

17    Defendant alleges that the claims of Plaintiff are subject to set-off and recoupment based on the

18    acts and wrongdoing of Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Performance Excused)

21    78.    As a twenty-first separate and affirmative defense to the Complaint, the Answering

22    Defendant alleges that assuming *arguendo* that the Answering Defendant owed any obligation to

23    which full performance has not been rendered, which the Answering Defendant expressly denies,

24    performance of said obligation has been excused by the acts and omissions of Plaintiff or its

25    agents, excluding this Answering Defendant.

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

13

ANSWER TO COMPLAINT

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Adequacy Of Remedy At Law—Declaratory Relief)**

79.     As a twenty-second separate and affirmative defense to the Complaint, the Answering Defendant alleges that Plaintiff is barred from seeking declaratory relief in this action, since Plaintiff has an adequate remedy at law.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Failure To Comply)**

80.     As a twenty-third separate and affirmative defense to the Complaint, the Answering Defendant alleges that the Complaint, and each and every purported cause of action therein, is barred, in whole or in part, by Plaintiff's failure to comply with all contractual, administrative, and statutory notice requirements, procedures, and remedies with respect to contract claims, rights and duties, including, without limitation, requirements to provide complete, proper, and timely documentation of claims within prescribed periods of limitation.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Incorporation Of Counterclaim)**

81.     As a twenty-fourth separate and affirmative defense to the Complaint, the Answering Defendant incorporates herein by reference the allegations contained in Answering Defendant's counterclaim filed herein.

**DEMAND FOR JURY TRIAL**

1.     The Answering Defendant hereby demands a trial by jury in the aforementioned action.

WHEREFORE, the Answering Defendant prays judgment against Plaintiff B&V as follows:

(1)     That Plaintiff take nothing by reason of its Complaint;

(2)     For attorney's fees and costs of suit incurred herein; and

(3)     For such other and further relief as to the Court seems just and proper.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

14

ANSWER TO COMPLAINT

1  Dated: July 25, 2011                          McCORMICK, BARSTOW, SHEPPARD,
2                                                      WAYTE & CARRUTH LLP

3
                                              By:_____ / s / Stephen E. Carroll_____
4                                                        Stephen E. Carroll
                                                        Attorneys for Defendant
5                                                  MODESTO IRRIGATION DISTRICT

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
5 River Park Place East
Fresno, CA 93720-1501

15

ANSWER TO COMPLAINT