# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACK & VEATCH CORPORATION, | CASE NO. 1:11-cv-00695-LJO-SKO |
| Plaintiff, | **ORDER ON REQUEST FOR STIPULATED PROTECTIVE ORDER** |
| v. | |
| MODESTO IRRIGATION DISTRICT, | |
| Defendant, | |
| AND RELATED ACTIONS. / | |

## I. INTRODUCTION

On February 13, 2012, the parties filed a Stipulated Protective Order and Proposed Order regarding confidential discovery materials. The Court has reviewed the stipulation and proposed order and has determined that, in its current form, the Court cannot grant the request for a protective order. For the reasons set forth below, the Court DENIES without prejudice the parties' request.

## II. DISCUSSION

**A.   The Parties' Request for a Blanket Sealing Order is Inappropriate**

Although the parties state that the proposed protective order "creates no entitlement to file confidential information under seal," the parties nonetheless stipulate that "all Protected Material filed with the Court, or any pleading or memorandum that includes or purports to reproduce or paraphrase any Protected Material, shall be filed only in sealed envelopes or other appropriate sealed containers."  (Doc. 82, ¶¶ 1, 11.)  Further, the Proposed Order states as follows:

> The Clerk of the Court is hereby directed to file under seal pursuant to Local Rule 141.1 all documents marked "Confidential" or "Confidential - Attorneys/Consultants Only" any/or any and all pleadings in which information from said documents (or parts thereof) is contained or disclosed without further order of this Court.  This Order shall suffice for all purposes with regard to the Clerk of this Court accepting the filing of said documents or pleadings under seal.  The Party seeking to file said documents or pleadings shall present a copy of this Order to the Clerk at the time of presentment of said documents or pleadings for filing under seal.  No further order of this Court is necessary.

(Doc. 82, p. 18.)

### 1.   The Parties' Request Does Not Comply with the Procedural Requirements for Sealing Documents Set Forth in Local Rule 141

The Court's Local Rule 141 sets forth the requirements for a party seeking to file documents under seal.[1]  Local Rule 141(a) states that "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law."  A Court order is required for each sealing request.  "To ensure that documents are properly sealed, specific requests to seal must be made even if an existing protective order, statute, or rule requires or permits the sealing of the publicly available case file."  L.R. 141(a).

Local Rule 141(b) sets forth the procedure for seeking to file documents under seal and states in pertinent part:

---

[1] The Court notes that the Stipulated Protective Order and Proposed Order indicate that Local Rule 141.1 sets forth the procedures for sealing documents.  (*See* Doc. 82, ¶1, p. 18.)  This is not entirely accurate.  Local Rule 141.1(e) states that "[d]ocuments that are the subject of a protective order may be filed under seal only if a sealing order is first obtained in compliant with L.R. 141."  As such, it is Local Rule 141, not 141.1, which sets forth the procedural requirements for filing sealed documents.

> [T]he 'Notice of Request to Seal Documents' shall be filed electronically. . . . The Notice shall describe generally the documents sought to be sealed, the basis for sealing, the manner in which the 'Request to Seal Documents,' proposed order, and the documents themselves were submitted to the Court, and whether the Request, proposed order, and the documents were served on all other parties.

Rule 141(b) further requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons permitted access to the documents, and all other relevant information."

As such, the parties request that the Clerk of the Court file documents under seal without a further Court order is procedurally improper and does not comply with the requirements of Local Rule 141.

### 2. The Parties Are Cautioned that the Court Will Not Issue a Sealing Order Absent Good Cause

Every court has supervisory power over its own records and files, and may provide access to court documents at its discretion. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In the Ninth Circuit, there is a strong presumption in favor of access to court records. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (stipulated order without more insufficient basis to seal court records).

The party seeking to seal a document related to a motion must meet the "good cause" standard set forth by Federal Rule of Civil Procedure 26(c) that applies to protective orders. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-80 (9th Cir. 2010). "Blanket protective orders," like the protective order at issue here, extend "broad protection to all documents produced [in litigation], without a showing of good cause for confidentiality as to any individual documents."[2] *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 790 (1st Cir. 1988). Such orders are, by nature, overinclusive. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476.

As such, the parties' inclusion in the Proposed Order of an order that all documents marked "Confidential" or "Confidential – Attorneys/Consultants Only" be sealed is inappropriate. If a party

---

[2] Blanket protective orders typically extend broad protection to all documents produced during discovery without a showing of good cause with respect to any individual document.

seeks to file confidential information under seal with the Court, the filing party must comply with the requirements set forth in Local Rule141 concerning the sealing of documents and must make a "good cause" showing pursuant to Rule 26.

**B.     The Stipulation Submitted for Court Approval Must be Signed and Dated**

While the Court notes that the Stipulated Protective Order filed with the Court is dated and signed (*see* Doc. 82, pp. 13-16), the electronic version emailed to the Court for approval does not contain dates or electronic signatures.  The Court will not issue an order that encompasses an undated, unsigned stipulation.  As such, any stipulation resubmitted for the Court's consideration should be dated and signed.

### III.     CONCLUSION AND ORDER

Based on the foregoing, the Court DENIES without prejudice the parties' request for a protective order.  If the parties would like the Court to consider their stipulation and request, they are directed to refile a stipulation and a proposed order that comply with the Local Rules and correct the deficiencies set forth above.

Accordingly, it is HEREBY ORDERED that:

1.  The parties shall refile a revised stipulation and proposed order for a protective order that correct the deficiencies set forth in this order;
2.  The parties shall email a conforming copy of the stipulation and proposed order to skoorders@caed.uscourts.gov; and
3.  If, upon further consideration, the parties determine that there is no need for a Court order due to a private agreement between them, they shall withdraw their request for a protective order.

IT IS SO ORDERED.

**Dated:     February 14, 2012**                    /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE