WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
H. James Wulfsberg – 046192
Stephen L. Cali – 133923
David J. Hyndman – 193944
Kaiser Center
300 Lakeside Drive, 24th Floor
Oakland, CA 94612-3524
Telephone:  (510) 835-9100
Facsimile:  (510) 451-2170

LANG, RICHERT & PATCH
Mark L. Creede – 128418
Matthew W. Quall – 183759
Fig Garden Financial Center
5200 North Palm Avenue, Fourth Floor
Fresno, CA 93704
Telephone:  (559) 228-6700
Facsimile:  (559) 228-6727

Attorneys for Plaintiff
BLACK & VEATCH CORPORATION

# IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| BLACK & VEATCH CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>MODESTO IRRIGATION DISTRICT,<br><br>    Defendant.<br><br>AND RELATED ACTIONS. | No. 1:11-cv-00695 LJO SKO<br><br>**STIPULATION AND ORDER RE DEPOSITIONS UNDER FRCP RULE 30(b)(6)** |

-1-

WHEREAS, the issues involved in the above-captioned litigation are numerous and complex, the litigation involves multiple parties, and many issues are relevant to the claims or defenses of some but not all parties, and

WHEREAS, the parties wish to avoid unnecessary motions for leave to conduct their own corporate designee depositions under FRCP Rule 30(b)(6), which might otherwise be required under FRCP Rule 30(a)(2) if that deponent has already been deposed by another party,

IT IS HEREBY STIPULATED by and between Black & Veatch Corporation, Modesto Irrigation District, Western Summit Constructors, Inc., the City of Modesto, Big B Construction, Inc., and Siemens Industry, Inc., through their respective attorneys of record, as follows:

1.      Pursuant to the Scheduling Order, each party is entitled to take 20 depositions lasting one day for a maximum of seven (7) hours.  Of those 20 depositions, each party is entitled to take a maximum of five (5) depositions that may be extended to a maximum of 20 hours each, "Extended Deposition(s)."  Nothing in this Stipulation and Order changes the total number of 20 depositions or the five (5) Extended Depositions per party, absent further leave of court.  The noticing party's deposition notice shall identify those depositions that are the noticing party's Extended Depositions.

2.      Each party may take the deposition under FRCP Rule 30(b)(6) of any other party, on any matters specified by the deposition notice, within the 20-hour duration limit established by the Court's scheduling order of November 3, 2011, without seeking leave of court under FRCP Rule 30(a)(2), and no party may object to a FRCP Rule 30(b)(6) deposition on the sole grounds that the party's deposition has already been taken by another party to the litigation, provided that the FRCP Rule 30(b)(6) deposition notice is not duplicative of matters specified in any other FRCP Rule 30(b)(6) deposition notice served to any one party, and each party reserves all rights to object to a deposition on this basis.

3.      Each party is also subject to a total of five (5) Extended Depositions, not including FRCP Rule 30(b)(6) depositions, *provided*, that a party may take additional, i.e., more than five (5), Extended Depositions of another party if (a) the noticing and responding parties so stipulate to the additional Extended Deposition, or (b) the noticing party obtains leave of court to take the

additional Extended Deposition. The parties hereby agree that within five (5) court days of a rejected written request to take an Extended Deposition, the noticing party and responding party will submit a single joint statement, without further opposition or reply, to the court requesting the court's ruling on the requested leave to take the additional Extended Deposition.

4.  If single designated witness has been deposed under FRCP Rule 30(b)(6) with an extended deposition of 15 to 20 hours, that deponent's non-FRCP Rule 30(b)(6) deposition is limited to seven (7) hours. However, if in response to multiple FRCP Rule 30(b)(6) deposition notices the responding party puts forth the same designee as designated for another party's Rule 30(b)(6) deposition notice, the deposition may extend for up to an additional 20 hours provided there is no duplication of examination categories. Under no circumstances, without leave of court, shall any one single witness, in either a FRCP Rule 30(b)(6) or non-FRCP Rule 30(b)(6) capacity be deposed for more than a total of 40 hours. However, in the event that a single witness has been deposed pursuant to two (2) FRCP Rule 30(b)(6) depositions, the parties may depose that witness for a single seven (7) hour non-FRCP Rule 30(b)(6) deposition notwithstanding the 40 hour limitation above. This paragraph 4 does not preclude the parties from seeking, and the parties hereby reserve their right to seek, leave of court to take an additional deposition or depositions of any single designated witness covered under this paragraph pursuant to the expedited process noted in paragraph 3. The parties acknowledge that as of the date of this Stipulation, both WSCI and B&V have served on MID separate FRCP Rule 30(b)(6) Extended Deposition Notices.

5.  At least two (2) business days prior to a FRCP Rule 30(b)(6) deposition, each party producing the FRCP Rule 30(b)(6) witness shall make a good faith attempt to provide a general identification of document categories that the FRCP Rule 30(b)(6) witness may bring to his / her deposition as reference material that the witness intends to use during the deposition examination.

6.  The noticing party will make good faith efforts to reasonably accommodate the noticed party and its counsel's schedule prior to noticing any deposition.

7.  The parties agree to coordinate their respective depositions according to this stipulation.

SO STIPULATED.

1
2  DATED:  July 31, 2012                WULFSBERG REESE COLVIG & FIRSTMAN
                                        PROFESSIONAL CORPORATION
3
4                                       By  /s/ Stephen L. Cali
                                            H. JAMES WULFSBERG
5                                           STEPHEN L CALI
                                        Attorneys for Plaintiff and Counterdefendant
6                                       BLACK & VEATCH CORPORATION

   DATED:  July 30, 2012                HANSON BRIDGET LLP
7
8                                       By  /s/ Tyson M. Shower (As authorized on 7/30/12)
9                                           TYSON M. SHOWER
                                        Attorneys for Defendant, Counterclaimant
10                                      and Third Party Claimant
                                        MODESTO IRRIGATION DISTRICT
11
12 DATED:  July 31, 2012                DAVIDOVITZ & BENNETT, LLP
13
14                                      By  /s/ Patricia S. Lakner (As authorized on 7/31/12)
                                            PATRICIA S. LAKNER, ESQ.
15                                      Attorneys for Intervenor CITY OF MODESTO
16
   DATED:  July 31, 2012                DIEPENBROCK ELKIN LLP
17
18                                      By  /s/ Eileen M. Diepenbrock (As authorized on 7/31/12)
19                                          EILEEN M. DIEPENBROCK, ESQ.
                                        Attorneys for Third-Party Defendant and Counterclaimant
20                                      WESTERN SUMMIT CONSTRUCTORS, INC.

21 DATED:  July 31, 2012                CLAPP, MORONEY, BELLAGAMBA, VUCINICH,
                                        BEEMAN AND SCHELEY
22
23                                      By  /s/ Robert A. Bellagamba (As authorized on 7/31/12
24                                          ROBERT A. BELLAGAMBA
                                        Attorneys for Cross-Defendant
25                                      BIG B CONSTRUCTION, INC.
26
27 / / /
28 / / /

-4-
1645-038\2369346.1 STIPULATION & ORDER RE DEPOSITIONS UNDER RULE 30(b)(6)

1  DATED:  August 06 , 2012                 PERKINS COIE LLP

2                                           By  /s/ Jan Feldman (As authorized on 8/06/12)

3                                               JAN FELDMAN
                                                CHARLES W. MULHANEY
4

5                                           Attorneys for Cross-Defendant
                                            SIEMENS INDUSTRY, INC.
6

7                                        **ORDER**

8          Based upon the stipulation of the Parties and good cause appearing therefor,

9

10

11  IT IS SO ORDERED.

12      Dated:   **August 7, 2012**                    **/s/ Sheila K. Oberto**
                                                UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28