WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
H. James Wulfsberg, SBN 046192
Gregory R. Aker, SBN 104171
Stephen L. Cali, SBN 133923
David J. Hyndman, SBN 193944
Kaiser Center
300 Lakeside Drive, 24th Floor
Oakland, California 94612-3524
Telephone: (510) 835-9100
Facsimile: (510) 451-2170

LANG, RICHERT & PATCH
Mark L. Creede, SBN 128418
Matthew W. Quall, SBN 183759
Fig Garden Financial Center
5200 North Palm Avenue, Fourth Floor
Fresno, CA 93704
Telephone: (559) 228-6700
Facsimile: (559) 228-6728

Attorneys for Plaintiff and Counterdefendant
BLACK & VEATCH CORPORATION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| BLACK & VEATCH CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>MODESTO IRRIGATION DISTRICT,<br><br>Defendant.<br><br>AND RELATED ACTIONS. | Case No. 1:11-cv-00695 LJO SKO<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING RECOVERY OF ELECTRONIC DATA** |

A.     **Purpose of the Protective Order**

Through its requests for production of documents in this litigation, plaintiff and counter-defendant, Black & Veatch Corporation, has sought the production from defendant and counterclaimant, Modesto Irrigation District (MID) of MID's emails and email attachments relating to the Phase Two Expansion and Optimization of the Modesto Regional Water Treatment Plant (the "Project").  Prior to 2008, MID used GroupWise as its email system.  MID no longer maintains the computer equipment or software needed to access its GroupWise emails, which are stored on backup tapes that MID maintains at or nearby its offices in Modesto.  In addition to emails relating to the Project, MID's backup tapes may contain GroupWise emails relating to its provision of electric services, including data protected by regulations of the North American Electric Reliability Corporation (NERC).

Black & Veatch has obtained a proposal from its electronic discovery consultant, Iris Data Services and its consultant, Data Recovery Systems (hereinafter, collectively, IDS), for recovery of the GroupWise emails from MID's backup tapes and processing the emails so that they may be searched, reviewed and, if relevant and not privileged, produced in discovery .  MID is willing to allow IDS access to the backup tapes, so that IDS may test, catalog, recover and process the GroupWise emails, provided MID is assured that the security of the data contained on the tapes is protected, in accordance with NERC regulations.  Black & Veatch and MID wish to facilitate  for production of certain emails and email attachments relevant to the Project, while at the same time protecting data contained on MID's backup tapes that is subject to NERC regulations.

Accordingly, Black & Veatch and MID stipulate as follows:

B.     **Local Rule 141.1**

This stipulated protective order (the "Protective Order") is entered into pursuant to Rule 141.1 of the Local Rules of Practice for the U.S. District Court for the Eastern District of California, covering Orders Protecting Confidential Information.

**1. Description of the Types of Information Eligible for Protection.**

The Order protects MID's electronically stored records, including, but not limited to, GroupWise emails and email attachments (the "GroupWise Data") relating to MID's provision of

-1-

electric services that is subject to NERC regulations as information associated with Critical Cyber Assets.

**2. Showing of Particularized Need for Protection.**

Protection of MID's GroupWise Data containing information associated with Critical Cyber Assets, as described in paragraph 2, is needed because, without such protection, MID would by law be unable to provide IDS access to the backup tapes that contain the GroupWise Data that is relevant to the above-captioned litigation. If MID were to allow such access without a protective order, it would expose itself to the risk of substantial monetary sanctions. Further, the electronic records/data to which IDS may be given access contains non-responsive, privileged and confidential information.

**3. Why the Need for Protection Should Be Addressed by a Court Order.**

In order to comply with NERC regulations, MID must strictly protect information associated with Critical Cyber Assets. A court order is necessary in this case to provide MID the greatest possible assurance that information associated with Critical Cyber Assets is protected from disclosure, as required by law, and that privileged and/or confidential information, which is not responsive is not disseminated.

**C.  Terms of the Protective Order**

1. IDS is permitted access to MID's backup tapes on which the GroupWise Data is stored, solely for the purposes of testing and cataloging the backup tapes, and, subject to the parties identification of pertinent times and sharing of costs, restoring the GroupWise Data that is contained on such tapes, and processing the data so that it can be searched and relevant/non-privileged GroupWise Data produced in discovery. Access to the backup tapes and GroupWise Data shall be limited to the following individuals, each of whom agrees not to disclose to any other person any of the data contained on the backup tapes, including GroupWise Data, and by signing Attachment "A" to this Protective Order, agrees to be bound by its terms.

<u>Iris Data Services</u>

Jim Oliverius

Holly Jenks

1     Bryan Allen

2     Drew Kartes

3     Scott Berger

4     <u>Data Recovery Systems</u>

5     John Glauvitz

6     John Svee

7     Steve Morgan

2.  In cataloging and restoring the GroupWise Data, MID's original GroupWise backup tapes shall at all times remain at MID's offices in Modesto, California.  IDS may test and catalog the backup tapes at MID's offices and may make encrypted copies of any of the tapes containing GroupWise Data.  Prior to the removal of such encrypted copy, IDS shall provide MID and Black & Veatch with a catalog of the copied tapes.  To enable IDS to restore the GroupWise Data, IDS may remove the encrypted copies of backup tapes from MID's offices for transport to IDS's laboratories, at which the restoration and processing of GroupWise data will be performed, which shall consist of the restoration of the mail boxes of the following MID personnel:  Greg Dias, Regina Cox, Ken Edwards, Claudia Hidahl, Pat Ryan, Walter Ward, Allen Domecq, Bill Ketscher, and Allen Short.  In performing such work, including cataloging, encryption, transport, data restoration and processing, only those individuals named above shall at any time have access to the backup tapes or GroupWise Data, which will at all times be maintained in encrypted form.  Only one encrypted copy of the backup tapes selected for restoration shall be created, which is not to be duplicated in part or in whole.  As soon as restoration and processing of the GroupWise Data is complete, IDS shall destroy or purge all remaining data received from MID, including any and all copies of such data, and will provide MID and Black & Veatch a certificate of such destruction.  Following the restoration of the mail boxes, IDS shall deliver two copies of each mailbox restored to counsel for MID, for review as to relevance, privilege and confidentiality, with the resulting documents produced to Black & Veatch.  Upon notice from MID, IDS shall destroy any copies of all or any part of the mail boxes, and provide MID and Black & Veatch with a certificate of such destruction.

-3-

3. This Protective Order shall survive the final termination of this action, and the Court shall retain jurisdiction to resolve any dispute arising under the Protective Order.

**D.  Unauthorized Disclosure Of the GroupWise Data**.

If a Party bound by this protective order learns that, by inadvertence or otherwise, it has disclosed GroupWise Data to any person or in any circumstance not authorized under this Stipulated Protective Order, that Party must immediately (a) notify in writing the other Parties of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the GroupWise Data, (c) inform the person or persons to whom the unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit "A" hereto.

**E.  Inadvertent Production of Privileged or Otherwise Protected Material**.

If MID gives notice to Black & Veatch that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of Black & Veatch are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**F.  Miscellaneous**.

**1. Right to Further Relief**.

Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**2. Right to Assert Other Objections**.

By stipulating to the entry of this Protective Order, neither Black & Veatch nor MID waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party hereto waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

DATED: August 7, 2012

WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION

By _/s/ Gregory R. Aker_____
   Gregory R. Aker

Attorneys for Plaintiff and Counterdefendant
BLACK & VEATCH CORPORATION

DATED: August 7, 2012

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH, LLP

By _/s/ Stephen E. Carroll_____
   Stephen E. Carroll

Attorneys for Defendant and Counterclaimant
MODESTO IRRIGATION DISTRICT

## ORDER

Based upon the stipulation of Black & Veatch and MID, as set forth above, and good cause appearing therefor,

IT IS SO ORDERED.

Dated: **August 8, 2012**    **/s/ Sheila K. Oberto**
                                       UNITED STATES MAGISTRATE JUDGE