WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
H. James Wulfsberg, SBN 046192
Gregory R. Aker, SBN 104171
Stephen L. Cali, SBN 133923
David J. Hyndman, SBN 193944
Kaiser Center
300 Lakeside Drive, 24th Floor
Oakland, California 94612-3524
Telephone: (510) 835-9100
Facsimile:  (510) 451-2170

LANG, RICHERT & PATCH
Mark L. Creede, SBN 128418
Matthew W. Quall, SBN 183759
Fig Garden Financial Center
5200 North Palm Avenue, Fourth Floor
Fresno, CA  93704
Telephone: (559) 228-6700
Facsimile:  (559) 228-6728

Attorneys for Plaintiff and Counterdefendant
BLACK & VEATCH CORPORATION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| BLACK & VEATCH CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>MODESTO IRRIGATION DISTRICT,<br><br>Defendant.<br><br>AND RELATED ACTIONS. | Case No. 1:11-cv-00695 LJO SKO<br><br>**SUPPLEMENTAL STIPULATION AND PROTECTIVE ORDER REGARDING RECOVERY OF ELECTRONIC DATA** |

A. **Purpose of the Protective Order**

Through its requests for production of documents in this litigation, plaintiff and counter-defendant, Black & Veatch Corporation, has sought the production from defendant and counterclaimant, Modesto Irrigation District (MID) of MID's emails and email attachments relating to the Phase Two Expansion and Optimization of the Modesto Regional Water Treatment Plant (the "Project").  In response to Black & Veatch's earlier Public Records Act request, MID produced its emails and email attachments dating approximately from early 2008 ("2008-Present Emails") in hard copy form only.  Black & Veatch has asked, and MID agrees to provide, MID's 2008-Present Emails in electronic form using the services of Black & Veatch's electronic discovery consultant, Iris Data Services (IDS).

In addition to emails relating to the Project, MID's 2008-Present Emails may contain information relating to its provision of electric services, including data protected by regulations of the North American Electric Reliability Corporation (NERC).  MID is willing to allow IDS access to the 2008-Present Emails, in electronic form so that IDS may conduct filtering of the emails, provided MID is assured that the security of the data contained in the 2008-Present Emails is protected, in accordance with NERC regulations.  Black & Veatch and MID wish to facilitate production of the 2008-Present Emails relevant to the Project in electronic form, while at the same time protecting data that is subject to NERC regulations.

Accordingly, Black & Veatch and MID stipulate as follows:

B. **Local Rule 141.1**

This stipulated protective order (the "Protective Order") is entered into pursuant to Rule 141.1 of the Local Rules of Practice for the U.S. District Court for the Eastern District of California, covering Orders Protecting Confidential Information.

**1. Description of the Types of Information Eligible for Protection.**

The Order protects MID's electronically stored records, including, but not limited to, emails and email attachments relating to MID's provision of electric services that is subject to NERC regulations as information associated with Critical Cyber Assets.

///

-1-

SUPPLEMENTAL STIPULATED PROTECTIVE ORDER
1645-038\2369885.1

**2. Showing of Particularized Need for Protection.**

Protection of MID's emails containing information associated with Critical Cyber Assets, as described in paragraph 2, is needed because, without such protection, MID would by law be unable to provide IDS access to the emails that contain data that is relevant to the above-captioned litigation. If MID were to allow such access without a protective order, it would expose itself to the risk of substantial monetary sanctions. Further, the electronic records/data to which IDS may be given access may also contain non-responsive, privileged and/or confidential information.

**3. Why the Need for Protection Should Be Addressed by a Court Order.**

In order to comply with NERC regulations, MID must strictly protect information associated with Critical Cyber Assets. A court order is necessary in this case to provide MID the greatest possible assurance that information associated with Critical Cyber Assets is protected from disclosure, as required by law, and that privileged and/or confidential information, which is not responsive is not disseminated.

**C. Terms of the Protective Order**

1. IDS is permitted access to MID's 2008-Present Emails, solely for the purposes of filtering the emails for review by MID. IDS will then create Summation load files and transmit the load files to MID to download into Summation. MID will then review the emails and produce to Black & Veatch all relevant, non-privileged, emails. Access to the 2008-Present Emails shall be limited to the following individuals, each of whom agrees not to disclose to any other person, other than MID or those to whom MID authorizes disclosure, any of the data contained in the emails or attachments , and by signing Attachment "A" to this Protective Order, agrees to be bound by its terms.

<u>Iris Data Services</u>

Burke Schroeder

Amber White

Katrina Classen

Bryan Allen

Holly Jenks

Drew Kartes

Scott Berger

2. This Protective Order shall survive the final termination of this action, and the Court shall retain jurisdiction to resolve any dispute arising under the Protective Order. IDS will only filter through the mail boxes of the following MID personnel: Allen Short, Greg Dias, Regina Cox, Ken Edwards, Claudia Hidahl, and Pat Ryan. After IDS has transmitted the Summation load files to MID and upon notice from MID, IDS shall destroy or purge all data in anyway related to the 2008-Present Emails received from MID, including any and all copies of such data, and will provide MID and Black &Veatch a certificate of such destruction.

**D. Unauthorized Disclosure Of 2008-Present Emails.**

If a Party bound by this protective order learns that, by inadvertence or otherwise, it has disclosed 2008-Present Emails to any person or in any circumstance not authorized under this Stipulated Protective Order, that Party must immediately (a) notify in writing the other Parties of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the 2008-Present Emails, (c) inform the person or persons to whom the unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit "A" hereto.

**E. Inadvertent Production of Privileged or Otherwise Protected Material.**

If MID gives notice to Black & Veatch that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of Black & Veatch are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**F. Miscellaneous.**

1. Right to Further Relief.

Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

2. Right to Assert Other Objections.

By stipulating to the entry of this Protective Order, neither Black & Veatch nor MID waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party hereto waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

DATED: August 21, 2012

WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION

By  /s/ Gregory R. Aker
    Gregory R. Aker

Attorneys for Plaintiff and Counterdefendant
BLACK & VEATCH CORPORATION

DATED: August 21, 2012

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH, LLP

By  /s/ Stephen E. Carroll
    Stephen E. Carroll

Attorneys for Defendant and Counterclaimant
MODESTO IRRIGATION DISTRICT

## ORDER

Based upon the stipulation of Black & Veatch and MID, as set forth above, and good cause appearing therefor,

IT IS SO ORDERED.

    Dated:  **August 22, 2012**        **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE

LAW OFFICES
WULFSBERG REESE COLVIG & FIRSTMAN
PROFESSIONAL CORPORATION
KAISER CENTER
300 LAKESIDE DRIVE, 24TH FLOOR
OAKLAND, CALIFORNIA 94612-3524

-4-
SUPPLEMENTAL STIPULATED PROTECTIVE ORDER
1645-038\2369885.1

Attachment "A"

NONDISCLOSURE AGREEMENT

I, _____, certify that I am fully familiar with the terms of the Stipulated Protective Order ("Protective Order") entered in *Black & Veatch Corporation v. Modesto Irrigation District*, in the United States District Court for the Eastern District of California, Case No. 1:11-cv-00695 LJO SKO.  I hereby agree to comply with and be bound by the terms of the Protective Order unless and until modified by further order of this Court.  Further, I hereby consent to the jurisdiction of this Court for purposes of enforcing the Protective Order.

Dated: August __, 2012

_____

SUPPLEMENTAL STIPULATED PROTECTIVE ORDER
1645-038\2369885.1